Good morning, Your Honor. Stacey Tolchin for Petitioner Villalobos, along with my co-counsel Megan Brewer. I would like to reserve four minutes of my time for rebuttal. Petitioner Villalobos has lived in the United States since he was 15 years old for more than 30 years. He's married to a U.S. citizen. He has U.S. citizen children. He is here before the court today in his second round of his petition for review because he was granted permanent resident status by an immigration judge in 2012. But then the board reversed that decision in 2014, and then after a voluntary remand from respondent in the first petition for review, the board then again denied residency in 2017. At the time of the 1999 conviction at issue in this case, the regulation at 8 CFR 1212.7d did not exist. The retroactive application of the 2002 regulation to the 1999 conviction impermissibly attaches a new disability to past completed conduct. Do we have any jurisdiction to review anything or any cause to review anything in this case in light of the BIA statement in its ruling that regardless of whether we apply ordinary discretionary standards or 8 CFR 1212.7d, the respondent has not established that he warrants relief as a matter of discretion. So given that they said that no matter what the standard is, we've decided that we will not, as a matter of discretion, grant him relief, how do we have jurisdiction to review anything? So, Your Honor, it's not clear. There's sort of two conclusions, right? One is that he doesn't meet the heightened hardship standard, and the second is discretion. But on the discretion, it's unclear if it's the discretion that is from before 2002 or after, right? Because the heightened regulation actually is the agency's discretion under 1182H2. That's the whole thing is the exercise of the agency's discretion. And the regulation states that some convictions, some offenses may be so bad that you don't warrant relief at all, regardless of the equity. But I just read they say that they would reach the same conclusion even if they applied ordinary discretionary standards, meaning not 1212.7d, not the heightened standard. So if they've said that they wouldn't grant relief even if the lower standard applies, and you're saying they should have used the lower standard, I don't see what we have to do here. Your Honor, I don't think that it's clear because, remember, the regulation is premised on the matter-of-gene decision. And if you look at the matter of Silver Trevino, that is regular discretion, right? But regular discretion is the same argument. So even if it's the regular discretion for matter-of-gene, that is still a decision that is after the 1999 conviction. And so under the ordinary discretion, if it's the matter-of-gene situation, which says even a conviction may be so bad that we won't exercise discretion, that's the first time that's articulated. When they say ordinary discretionary standards, they're meaning some kind of heightened standard? Well, if you look at matter of Silver Trevino, remember, he doesn't need the regulation at all. It's just regular discretion. And matter of Silver Trevino relies on matter-of-gene. That's the ordinary discretion. But there's still a retroactivity issue in matter-of-gene because matter-of-gene is issued in 2002. The conviction is in 1999. So if it was the matter-of-gene version of discretion, which is what's used in Silver Trevino, there's still a retroactivity issue. There's the Montgomery Ward test. What kind of discretion are you saying they should have applied that they did not apply when they referred to ordinary discretionary standards? Discretion prior to matter-of-gene in 2002 meant no conviction, no offense could ever be so bad as to ultimately deny relief. There always has to be a weighing of the equities, right? You may not have overcome that, right? But the language of the decision, if you look at the decision, they say the underlying offense is so serious that in both the 2014 and the 2017 decisions, they say the underlying offense is so serious that no favorable factors would be enough. No, they didn't say that. They just said that his favorable factors were not enough, not that there was no case. They said while the respondent has presented some significant positive factors, as discussed by the immigration judge and the respondent on appeal, and given the serious nature, they find that it's not enough to outweigh. So I don't see how this isn't exactly the kind of discretion that you're arguing for, and they've said they wouldn't do your way under that test. You're on okay. I think that they're relying on the matter-of-gene standard under this ordinary standard because they're, again, looking at the nature of the conviction. I also want to point out that they're looking at the conviction itself under Penal Code 288A, but they're not looking at the underlying facts, but kind of give the minimal facts. Counsel, when they say presented on that same page, and I think Judge Collins just referenced this, when they say that your client presented some positive, significant positive factors, are they looking at the offense? I don't know. I mean, they don't mention the minimal sentence of 45 days at all in the decision. What positive factors came out of the underlying offense that they would ever mention? Well, the fact that it was a 45-day sentence, and actually I believe even 35 days, I think, that were only in custody is a significant factor. It's a positive factor in that it's a limited sentence. It's very different if you look at Mejia, where he got a seven-month sentence for the conviction. So what the board's decision does is it takes a conviction for sexual abuse of a minor under 288A of the California Penal Code, and it says that conviction alone, the underlying conduct is so serious that no favorable factors are going to be enough. But that's not enough. After a matter of self-intervention, you've got to look at all of the individual factors, and that includes that sentence because, as we know, a conviction for 288A can have a range of sentences, and rightfully so. There are cases that have years' worth of sentences, and even the seven months in Mejia is much more significant than the 45 days here. But they cited, when they said the positive factors, they cited page 11 of the IJ's ruling, and what's summarized on page 11 is how long ago the offense was, that there's significant evidence of rehabilitation, he accepted responsibility, his employment with Mr. Schwartz and the trust he developed there. So I don't see how there's a per se rule being applied here. Because they say in both of the decisions, they say the underlying conduct and issue, which is sexual abuse of a minor, right, is enough to deny outright. No, they say he has these positive factors I just said. The fact that he made a 13-year-old girl do the things that are described in the record when he was 26 years of age are not that pretty serious, and these positive things don't outweigh that. That's what they said. So, Your Honor, the first decision, which is incorporated, does say that in the last page, the 2014 decision, that the nature of the conviction shows that the waiver should be denied in the exercise of discretion. I mean, I don't think it's clear, but I think the point is that this case was clearly applied, the heightened standard. And the other issue to note is that since this case has now been litigated on its second round, the extreme hardship standard no longer even applies from 1182H1 because it's been more than 15 years since the commission of the offense. And this was briefed to the board, but the board didn't address that issue at all. So I understand, Your Honor, that it's an issue of discretion, but in the significant amount of time that's elapsed, he no longer even requires the extreme hardship standard under the statute, let alone the exceptional and extremely unusual hardship standard from the regulation. Goy, I just also wanted to address the matter of Silva-Trevino because the petition for review in the first round was voluntarily remanded from the government. The government sought remand looking for the application of matter of Silva-Trevino. And the board doesn't apply matter of Silva-Trevino here saying that a fundamental change in law is required. But the standard for a case on direct appeal, which is this case, is that any intervening law must apply regardless of whether it's a fundamental change in law. A fundamental change in law is the standard that's applied for a final removal order. And so the failure to apply matter of Silva-Trevino here and the finding that it's not relevant because it's not a fundamental change in law is also legal error. The failure to really look at the underlying facts of the conviction, not just the favorable equities, but the underlying facts of the conviction, is a failure to apply matter of Silva-Trevino, which had to be applied. And if there's nothing further, I'd like to reserve my remaining time for rebuttal. Okay. Very good. We'll hear from counsel for the Attorney General. Good morning, Your Honors, and may it please the court, my name is Rob Stalzer. I'm here on behalf of the AG. Your Honors, this is a case about discretion, and it's about the board's discretion to deny someone permanent residence in the United States. The board was very clear that it was going to weigh the positive and the negative equities. It referenced those positive equities in its decisions, both of them, and then said that they were outweighed by the negative factors, the negative features of petitioner's crime. And that is as far as the board needed to go, and it's also as far as we can go here, because that discretionary determination is not a constitutional question, it's not a legal question. It's therefore outside of this court's jurisdiction in this matter, because it's discretionary. So we would urge you simply on that basis alone to dismiss the petition for review for lack of jurisdiction. Your opponent just mentioned a second ago that maybe at least as of, I don't know if this was true as of the 2017 decision, but that even the statutory extreme hardship standard no longer applies, given how long ago the conviction was sustained. What's your response to that? I don't know that that's necessarily true when looking at the hardship determination, but also it doesn't matter in terms of the ultimate discretionary determination, which was applied by the board here. A petitioner has to establish a series of issues that are ultimately discretionary, including whether the crime was serious enough to trigger the heightened standard, whether he meets the exceptional extremely unusual standard, and then finally, even after all that, the ultimate determination of discretion. And it's that ultimate determination of discretion that resolves this case here, because the board ultimately said, look, either way we go here, we've weighed your positive equities, we've looked at the crime, and we say that the negative factors outweigh those positive factors. I guess I didn't understand either the statute or the reg to operate in the way you just described. I assume that the statutory extreme hardship standard and the heightened standard under the reg were basically channeling the ultimate exercise of discretion. It was saying under what circumstances that discretion can be exercised favorably for the petitioner. When Judge Collins was questioning petitioner's counsel about the statement in the BIA's 2017 decision, they do essentially say, I agree with them, that even if we didn't apply this heightened standard from the regulation, even if we just applied the normal standard, I assume that they were saying, even if we just went with the statutory extreme hardship standard, we would nonetheless say that he hasn't met that standard, and that's why we're not going to exercise our discretion in his favor. Am I reading that incorrectly? Well, I think what leads me to believe that the board is talking about its ultimate exercise of discretion is when it simply says we cannot conclude that it is in the best interest of the United States to grant the respondent the privilege of lawful permanent residence. That's going to the adjustment of status issue, not merely the 2-12 age waiver of inadmissibility. So I think that's why, as I read the board decision, I look at them as saying this is a matter of ultimate discretion, and we weigh the positive and negative factors, ultimately saying that they don't believe petitioners should become a lawful permanent resident. With response, I would like to mention the matter of Silva-Trevino issue, just that the board was very clear in Silva-Trevino, well, very clear in this decision, that Silva-Trevino wouldn't apply because it doesn't displace the heightened standards already in the regulations, and it specifically cited 1212.7D, which is the heightened standard that applies here. So I disagree with my colleague that matter of Silva-Trevino would alter the outcome here for the reasons the board stated. It just doesn't change things. Even if we got to that level, which again, I'm urging the court to simply say that as a matter of discretion, the court lacks jurisdiction to reach these other issues. And one more thing I just wanted to mention, I'm not going to keep you here, is that in briefing, petitioner mentioned that the board did not fully weigh all of the positive and negative factors when it comes to hardship, and I think that's not true. I think the immigration judge weighed all of the factors in front of him, and the board re-weighed those factors in its discretion, which it is allowed to do under the standard of review, and simply came out a different way. Petitioner is simply inviting the court to re-weigh evidence here, which is just not the proper role for the court on a petition for review. If there are no other questions, your honors, I'm not going to belabor the points. On this issue that counsel raised, that so much time has passed that now even the statutory extreme hardship shouldn't apply, has that argument been raised at any point in these proceedings? I know counsel said it had been, but I haven't said it. I would have to go back through the briefs and look and see if it's come up before. We didn't brief it because I didn't see it. And I'd also, again, perhaps we didn't brief it because it's irrelevant to that ultimate discretionary determination, Judge Collins. But in assessing that issue, would we look at the time the BIA ruled and assess that it correctly applied the law at the time it ruled? And if it ages out as it comes to us, then we're supposed to send it back? I'm sorry for interrupting you, your honor. I was just wondering what's the rule on that? I don't believe so, only because, I mean, what we're doing here is we're reviewing the board's decision as it existed. This would be like an intervening fact. It wouldn't be an intervening change in law where we would say, oh, the board needs another look at this, which is what we saw with the matter of Silva-Trevino and said, oh, we have this new case. Maybe the board should look at it. This would be, if anything, it would just be a change of facts. If petitioner wanted the board to consider that fact, then the proper vehicle would be a motion to reopen, not this petition for review. Well, I think the concern I had when I heard your opponent say that was that the conviction here was in 1999. The BIA's review was in 2017, at least the decision that we are examining. So 15 years had already elapsed by the time the BIA was making its determination below. That's why I guess I just want to go back and look. If for some reason the board thought it was, at the very least, governed by the extreme hardship standard that the statute specifies, and that turns out as of 2017 not to be true, I guess that's what raised the question in my mind. Well, shouldn't that error be corrected and have them do the analysis all over again? I understand your point, which is that that just goes to the waiver of inadmissibility, but it doesn't go to the ultimate ruling on the application for adjustment of status. Yes, Your Honor. That was my point. But was the time limit, this 15-year time limit that counsel has asserted, was that raised? Has that been exhausted before the BIA? Do we have jurisdiction to review an objection that wasn't exhausted below? I don't know, Your Honor. I didn't see that in there, and I do know the board didn't respond to it if it was. Well, that would be a problem if it was raised and it hadn't. Yeah. Again, only if the hardship standard were determinative. Because there's this positive discretionary determination, the ultimate discretionary determination on the adjustment of status, I don't think that that actually would require remand. I think the court should still dismiss for lack of jurisdiction. If there are no other questions, I urge you to dismiss the petition for review, and thank you very much for your time. Okay. Thank you, counsel. Let's hear from counsel for the petitioner. Thank you, Your Honors. I just want to direct the court to page 42 of the administrative record, where we do in the remand case specifically say that more than 15 years have elapsed, and so the extreme hardship standard should no longer apply to the case. It was not addressed by the board. And, of course, it only becomes relevant if MHIA is no longer good law, and that the exceptional and extremely unusual hardship standard doesn't apply. Did you raise that in your opening brief in this court, the 15-year issue? I don't believe so, but that was because we were challenging this issue. It was raised specifically to the board, and the board didn't address it, and so it wasn't something to specifically raise here, because they had found that the heightened standard applied and discretion applied, but it was exhausted before the agency. Well, but it was waived by not being raised in the opening brief in this court. Well, we were asking for remand to apply the law as it existed before the regulation applied, and it was, again, properly exhausted to the agency. So, I do believe that's probably... But the fact that it's properly exhausted to the agency makes it all the more clear that it's waived if you omit it when you come to this court, and you're sifting what the board did and what you're going to object to, and that one didn't make it into here, and then you raise it at argument for the first time. Well, Your Honor, we can only address what the board does address, and that this court can only affirm for the reasons set forth by the agency under the Chenery Doctrine, and so what we were asking the court to do would be to apply the law without the regulation. I also wanted to address the court the issue of discretion that we were discussing earlier. The board's decision does cite the ordinary standard and cites the Silva-Trevino case, and, again, the Silva-Trevino case redefined what discretion was because Silva-Trevino himself did not require the 212-H waiver because he didn't have a crime involving moral turpitude. So, at a minimum, Silva-Trevino should have been applied to the case, but, again, the court says that Silva-Trevino is not relevant because it wasn't a fundamental change in the law, and, of course, that's the wrong standard. The last thing that I wanted to mention was that the issue of the 15 years, there's not actually much case law on this issue, but we believe there's a board case called Matter of Alarcon which does set forth that that 15-year period should be a continuing application, and since it was raised to the agency, we believe if the court concludes that Mejia is no longer good law, then the old statute should apply without this heightened standard, and then remand should be required because the entire case needs to be reassessed. If there's nothing further, Your Honor, I'll rest here. Well, I do have one more question just on this 15-year issue. Your opponent says that that ends up being irrelevant because, ultimately, the discretion being exercised by the board was simply to deny the application for adjustment of status, and that determination is not affected at all by this 15-year issue you just interjected into the case. I don't think that's clear from the decision, right, and so if no extreme hardship requirement is necessary at all, then I think that discretion has to be reassessed. If you look at the Attorney General's decision in Matter of Silva-Trevino, he actually does remand it back down to the immigration judge for the exercise of discretion, stating that there's no longer a waiver required. So if there's no longer an extreme hardship standard required, then I think that discretion itself has to be reassessed. I'm looking now, now that we've raised this issue about the 15 years, and what the statute says is it refers to the alien is inadmissible only under subparagraph D, etc., or the activities for which the alien is inadmissible occurred more than 15 years before the date of the alien's application for a visa, admission, or adjustment of status. So that suggests the 15-year runs from the date of the application for adjustment and not from when the BIA rules, which is what you've been suggesting here now. Right, so, Your Honor, there's a case from the board called Matter of Alarcon. The site is 20 INN Decision 557 from 1992. And what it says is that there's a continuing application for adjustment of status. And the 212H waiver is one of the requirements for adjustment of status. And so the final date of the application is the date of the decision from the immigration judge. You see, this is why briefing on all of this would have been appropriate. And for you to raise this argument and sandbag the other side and the court with these issues when they're not in your brief is, I think, is inappropriate. Okay, well, I'm sorry, Your Honor. Again, it was raised and then ducked by the board. And so it only becomes relevant if the Mejia case is no longer good law under Act of Artelis. So I do apologize for it, Your Honor. But I think that if Mejia is no longer good law, then I think the entire case needs to be reconsidered by the agency in light of the discretionary issues, the 15 years, and the significant time overall that has elapsed since the grant initially from the immigration judge. And I see that I'm out of time if there's no further questions. Okay, very good. Thank you for your argument. Case just argued is submitted.
judges: Watford, Thapar, Collins